IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LORETTA BAKER and
JOE BAKER, Husband and Wife,
        PLAINTIFFS,

v.                                      Civil No. 06-3071

BUFFALO NATIONAL RIVER, A PART
OF THE DEPARTMENT OF THE INTERIOR,
AN AGENCY OF THE UNITED STATES
OF AMERICA,
        DEFENDANT.

## CONSENT DECREE

      Now on this day comes on for consideration the above-captioned cause, the plaintiffs, Loretta Baker and Joe Baker, husband and wife, appearing by and through their attorney, Thomas A. Martin, and the Buffalo National River, a unit of the National Park Service, which is a part of the Department of Interior, an Agency of the United States of America, hereinafter referred to as "BNR," appearing by and through the United States Attorney for the Western District of Arkansas, and this matter was submitted to the Court upon the Settlement Agreement previously filed herein, from all of which the Court finds:

      1.  The plaintiffs are citizens and residents of Newton County, Arkansas, and the defendant, Buffalo National River (BNR) is an agency of the United States of America (USA). The Buffalo National River is a National River under the supervision of the Secretary of Interior and created by an Act of Congress on March 1, 1972.  Congress established the boundaries of the Buffalo National River as generally depicted on the drawing entitled "Proposed Buffalo National River" numbered NR-BUF-7103 and dated December 1967.  The boundaries of the Buffalo National River as created by Congress encompass property owned by the BNR and property owned by other parties.

      2.     This is a suit to quiet and confirm title to lands in Newton County, Arkansas, and this Court has jurisdiction over the subject matter and is the proper venue to hear this matter.

3. Through various deeds, conveyances and eminent domain, the Buffalo National River acquired numerous tracts of land which were situated within the boundaries of the Buffalo National River. On or about May 27, 1984, the United States Government contractor, Dickinson, MacMillan and Bennett, Inc., completed the boundary survey of Buffalo National River, which, in part, purported to monument the line which divides property owned by the Buffalo National River and a certain tract of land owned by the plaintiffs, Loretta Baker and Joe Baker. This survey is reported as the Bennett survey.

4. Loretta Baker, a.k.a., Loretta Miracle, and William Gene Miracle acquired certain parcels of land from Matthew A. Tennison and Lela Tennison in a Warranty Deed dated August 30, 1985. William Gene Miracle conveyed to Loretta Baker (a.k.a. Loretta Miracle) in a Quitclaim Deed recorded in Book 76-A, Page 99 of the deed records of Newton County, those same parcels of land conveyed to Loretta Baker (a.k.a. Loretta Miracle) and William Gene Miracle as described in the Warranty Deed dated August 30, 1985, noted herein above. The property conveyed by such Warranty Deed lies west of property owned by the Buffalo National River.

5. In 1996, the Department of the Interior, Bureau of Land Management, conducted a Dependant Resurvey of Township 16 North, Range 19 West of the Fifth Principal Meridian, which identified the line which separated the lands owned by the plaintiffs and lands owned by the Buffalo National River. This survey located said line approximately 214 feet west of the line as set out in the Bennett survey.

6. The parties have entered into a Settlement Agreement which determines the issues of this litigation and specifically determines ownership of the disputed lands.

7. Pursuant to the terms of said Settlement Agreement, this Court finds that the true and common boundary line shall be established as follows: Beginning at the Northwest corner of the SW¼ NE¼ of Section 32, Township 16 North, Range 19 West of the Fifth Principal Meridian, monumented with a Bureau of Land Management cadastral survey brass cap, and

Thence S.88°59'40"E., 110.07 feet to the north end of said common boundary line and Thence S.01°49'23"W., approximately 1321.41 feet, to a point which is 110.07 feet east of Southwest corner of the SW¼ NE¼ of said Section 32, which point shall be the south end of said common boundary line.

8.  Pursuant to the terms of the Settlement Agreement, this line will be established by an actual field survey. The surveyed common property line will and shall ever be hereafter, the common boundary line between the properties owned by the parties hereto for the purpose of ownership of such properties. Such field survey shall be paid for by Joe Baker and Loretta Baker and shall be conducted not later than April 1, 2008.

9.  The Settlement Agreement is in the public interest and confirms the intention of the parties herein as to the actual location of the boundary between the real property owned by the BNR and the real property owned by Joe Baker and Loretta Baker.

10. Pursuant to the terms of the Settlement Agreement, the Court finds that the agreed location of the common property boundary shall result in Joe Baker and Loretta Baker having ownership of the following described parcel:

Situated in the State of Arkansas, County of Newton, in a portion of the W½ SW¼ NE¼ of Section 32, of Township 16 North, Range 19 West, of the Fifth Principal Meridian, being more particularly described, as follows:

Beginning at the Northwest corner of the SW¼ NE¼ of said Section 32, monumented with a Bureau of Land Management cadastral survey brass cap, said corner being the northwest corner of the parcel described herein;

Thence, S.88°59'40"E., 110.07 feet, to the northeast corner of the parcel described herein;

Thence, S.01°49'23"W., approximately 1321.41 feet, to a point which is 110.07 feet east of Southwest corner of the SW¼ NE¼ of said Section 32, which point shall be the southeast corner of the parcel described herein;

Thence, N.88°49"30"W., 110.07 feet, along the east-west centerline of Section 32, to the Southwest corner of the southwest corner of SW¼ NE¼ of said Section 32, which point shall be the southwest corner of the parcel described herein, monumented with a Bureau of Land Management cadastral survey brass cap;

Thence, N.01°49'23"E., 1321.21 feet, along the north-south centerline of said Section 32, to the point of beginning and containing 3.33 acres of land, more or less.

11. Pursuant to the terms of the Settlement Agreement, the Court finds that the Buffalo National River, a Part of the Department of Interior, an Agency of the United States of America owns the remaining portion of the SW¼ NE¼ of said Section 32, of Township 16 North, Range 19 West, of the Fifth Principal Meridian, and that Loretta Baker and Joe Baker have no any claim in and to said property.

12. This Consent Decree does not affect the boundary lines of the Buffalo National River.  The boundary lines for the purposes of the boundaries of the Buffalo National River shall remain as located by the Department of the Interior, Bureau of Land Management, when it conducted the Dependant Resurvey of Township 16 North, Range 19 West of the Fifth Principal Meridian as monumented by the Bureau of Land Management.  Although this will result in the said tract described in paragraph ten (10) being within the boundaries of the  Buffalo National River, this is permissible as private ownership of real estate is allowed within the park.  The boundary line established by this Consent Decree pertaining to division of the property which is the subject of this litigation shall only decide the boundary for purposes of ownership interests and not affect the boundaries of the Buffalo National River as created by an Act of Congress on March 1, 1972.

13. Loretta Baker and Joe Baker shall allow the Buffalo National River and its agents, contractors, officers and employees access to the property for the purpose of setting cadastral survey brass caps or other similar markers consistent with the Dependant Resurvey of Township 16 North, Range 19 West of the Fifth Principal Meridian conducted by the Bureau of Land

Management. The placement of such markers shall be at the expense of the defendant. This provision shall not create any other special rights of access to such property by the Buffalo National River nor shall it create any special limitations of access to such property by the Buffalo National River and its agents, contractors, officers and employees. The Buffalo National River shall have the same rights and restrictions that would apply to any other real estate owned by private parties which is located within the boundaries of the Buffalo National River. Nothing in this paragraph is to be construed as creating a scenic easement in the property of the plaintiffs.

14. Each party will each bear their own costs, fees, attorney's fees, and expenses unless specifically provided for otherwise hereinabove.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the ownership boundaries of the land which are the subject of this litigation shall be and hereby are determined as set forth hereinabove and as set forth in the aforementioned Settlement Agreement subject to the terms and conditions as set forth hereinabove and in the aforementioned Settlement Agreement.

IT IS FURTHER ORDERED except where specifically provided for otherwise hereinabove, each party shall pay their own costs, fees, attorney's fees and expenses.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to the extent necessary to enforce the terms of the Settlement Agreement and this Consent Decree for a period of time which shall not exceed past April 30, 2008.

IT IS SO ORDERED this 5th day of October, 2007.


   /s/ Jimm Larry Hendren
HONORABLE JIMM LARRY HENDREN
CHIEF, UNITED STATES DISTRICT JUDGE

APPROVED:

/s/ Debbie Groom

---

Debbie Groom
First Assistant U. S. Attorney,
Attorney for Defendant,
Buffalo National River,
United States of America

/s/ Claude S. Hawkins, Jr.

---

Claude S. Hawkins, Jr.,
Assistant U. S. Attorney,
Attorney for Defendant,
Buffalo National River,
United States of America

/s/ Thomas A. Martin

---

Thomas A. Martin
Attorney for Plaintiffs,
Loretta Baker and Joe Baker